

George Ellis, A. M. Lucks, and David J. Reedy, all of Scranton, Pa., for plaintiff.

Joseph P. Brennan, Arthur A. Maguire, and Charles P. O'Malley, all of Scranton, Pa., for defendant.

## VERANO v. DE ANGELIS COAL CO.
### No. 509 Civil.

District Court, M. D. Pennsylvania.

Nov. 18, 1941.

JOHNSON, District Judge.

Plaintiff, an alien, subject of the King of Italy, has brought this action against a Pennsylvania corporation to recover damages for silicosis contracted while working in the defendant's mines through defendant's negligence and non-compliance with law. Defendant has moved to dismiss or stay the action on the ground that the plaintiff is an alien enemy without right at this time to resort to the United States Courts. The defendant argues that, although undeclared, a state of war exists today between the United States and the Kingdom of Italy, and that without a formal declaration of war by Congress this plaintiff should be decreed an alien enemy.

"It is the well-settled law that the existence of a condition of war must be determined by the political department of the government; that the courts take judicial notice of such determination and are bound thereby. United States v. One Hundred and Twenty-nine Packages, Fed.

Cas.No. 15,941; Sutton v. Tiller [6 Cold., Tenn., 593], 98 Am.Dec. 471." Hamilton v. McClaughry, C.C., 136 F. 445, 449; In re Wulzen, D.C., 235 F. 362, 365, Ann.Cas. 1917A, 274.

Mr. Justice Grier, delivering the opinion in Prize Cases, 67 U.S. 635, 2 Black 635, 666, 17 L.Ed. 459, says: "War has been well defined to be, 'That state in which a nation prosecutes its right by force.'"

Those decisions hold that a formal declaration of war is not necessary before it can be said that a condition of war exists, but that there must be some determination by the political department of the government evidencing the existence of such a condition. For example, in the case of Hamilton v. McClaughry, supra, the controversy concerned the legality of a court-martial convened to try a soldier accused of murder while serving in the armed forces of the United States which were sent to China in 1900 to aid in suppressing the Boxer Rebellion, which threatened the lives and property of all foreigners not in protected ports. The court sustained the legality of the court-martial convened under the articles of war, although there never was a formal declaration of war by the United States. In so doing, the court pointed out that there existed a condition of war which had been recognized by the political department of the government. By Act of Congress the pay of the officers and men in the military service in China during the Boxer Rebellion was increased to the amount paid in time of actual war, and by reason of this fact, together with the facts that there was an occupation of Chinese territory by a large military force of this government, under authority of the Department of War, and that there were many armed conflicts between the forces of this government and the Chinese troops, the court decided that there prevailed in China a "condition of war."

Recent acts of Congress have been enacted as defense measures, such as the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., the Lease-Lend Act, 22 U.S.C.A. § 411 et seq., and the Alien Registration Act of 1940, 8 U.S.C.A. § 451 et seq., 18 U.S.C.A. § 9 et seq. Certain other recent acts and resolutions place restrictions upon the employment of aliens on government projects and defense work and upon the solicitation of funds on behalf of any government which the President declares to be at war: See Pub.Res. No. 88, 76th Congress, Third Session, Joint Resolution June 26, 1940, § 15(f), 54 Stat. 620; 10 U.S.C.A. § 310(j); 22 U.S.C.A. § 245j—7; Public No. 671, 76th Congress, Third Session, Act June 28, 1940, § 11(a), 54 Stat. 680. All of these have been passed to solidify our defense efforts, but they are not directed at the Kingdom of Italy, nor has there been any declaration or enactment indicating a recognition by the political department of the government that a condition of war exists between this country and the Kingdom of Italy.

There is not a condition of war existing between this country and the Kingdom of Italy. Therefore, the plaintiff is not an alien enemy, for an alien enemy is a citizen of a country with which the United States is at war: Restatement of Contracts, § 595; Ex parte Graber, D.C., 247 F. 882, 884; Miller v. Humphrey, 9 Cir., 7 F.2d 330, 334; Techt v. Hughes, 229 N. Y. 222, 128 N.E. 185, 11 A.L.R. 166.

There is no merit in the contention that a condition of war exists between this country and Italy at the present time, and that plaintiff should not be permitted to prosecute his action at this time. If this plaintiff should recover a judgment and it then appears to the court that a condition of war does exist between the two countries, appropriate action will be taken by the court on the basis of the facts and circumstances then existing.

For the foregoing reasons, it is ordered that defendant's motion to dismiss or stay this action is denied, and that the parties be prepared for trial when the case is reached on the calendar.